```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/10/2025    
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEATHER WEDDLE,

          Plaintiff,

          -against-

CFA INSTITUTE,

          Defendant.

24 Civ. 5308 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court is in receipt of Defendant's letter motions to seal. ECF Nos. 34, 37.

    The public enjoys a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This presumption of public access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). When a party moves to seal documents, it "bears the burden of showing that higher values overcome the presumption of public access." *Samsung Elecs. Co., Ltd. v. Microchip Tech. Inc.*, No. 24 Misc. 269, 2024 WL 4169353, at *2 (S.D.N.Y. Sept. 12, 2024) (quoting *Kewazinga Corp. v. Google LLC*, No. 20 Civ. 1106, 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024)).

    Courts conduct a three-step analysis. First, a court determines whether the relevant material constitutes a "judicial document," *i.e.*, a document that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The relevance of a document does not depend on "which way the court ultimately rules or whether the document ultimately in fact influences the court's decision," but rather on whether the document "would reasonably have the *tendency* to influence a district court's ruling on a motion." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

    If material constitutes a "judicial document," the "common law presumption of access attaches," and a court must evaluate the "weight of that presumption." *Lugosch*, 435 F.3d at 119. "[T]he presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion." *SEC v. Ripple Labs, Inc.*, No. 20 Civ. 10832, 2022 WL 329211, at *1 (S.D.N.Y. Feb. 3, 2022). The presumption is "weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022) (quoting *Amodeo*, 71 F.3d at 1050).

    A court must balance the weight of the presumption against "competing considerations," including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo*, 71 F.3d at 1050). Such privacy interests may include protecting against the disclosure

of "sensitive, confidential, or proprietary business information," *Ripple*, 2022 WL 329211, at *1, or private settlement communications, *see Lieu v. Nielsen Co. (US) LLC*, No. 22 Civ. 9084, 2023 WL 3750116, at *2 (S.D.N.Y. June 1, 2023). "[B]argained-for confidentiality" through vehicles like protective orders will not, however, overcome the presumption of public access. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).

Ultimately, sealing judicial documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

Defendant does not sufficiently analyze and apply the legal standard articulated above. In addition, Defendant has not complied with the sealing protocol set forth in the undersigned's Individual Practices in Civil Cases, including the requirement that a party seeking to seal or redact material on the public docket must "electronically file under seal a copy of the unredacted document with the redactions highlighted." Individual Practices ¶ IV.A.ii.

Accordingly, Defendant's letter motions, ECF Nos. 34, 37, are DENIED without prejudice to renewal. Should Defendant renew its sealing requests, it shall specify with particularity the material it seeks to have sealed or redacted and explain, as to each proposed redaction, whether the material constitutes a judicial document, the weight of the common law presumption of access that attaches (if any), what privacy interests purportedly outweigh that presumption, and why the proposed redaction is narrowly tailored to further those interests. Defendant shall strictly comply with the Court's Individual Practices in Civil Cases, including ¶ IV.A.ii.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 34, 37.

SO ORDERED.

Dated: July 10, 2025
New York, New York

ANALISA TORRES
United States District Judge